```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

MAURICIO WILSON,                )
                                )
            Movant,              )
                                )
        v.                       )       No. 4:08-CV-912-JCH
                                )
UNITED STATES OF AMERICA,        )
                                )
            Respondent.          )

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Mauricio Wilson to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On May 13, 2005, movant pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and he was sentenced to 63 months imprisonment, to run consecutively to a state court sentence, and a life term of supervised release. See United States v. Wilson, No. 4:04-CR-617-JCH (E.D.Mo.). Movant did not appeal his conviction.

### **Motion to Vacate**

Movant seeks to vacate, set aside or correct his conviction and sentence on the grounds that the Court failed to investigate "the confidential informant who is responsible for this entrapment," he was denied effective assistance of counsel and a speedy trial, his guilty plea was coerced, and this Court was biased.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. Movant was sentenced on May 13, 2005, and the instant motion was placed in the prison mailbox on June 20, 2008 [Doc. #1].

In accordance with the foregoing,

2

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

Dated this 21st day of July, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE